UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CRISTINA VALENZUELA RUBIO,<br><br>        Petitioner,<br><br>  vs.<br><br>WARDEN ESTELLE DERR,<br><br>        Respondent. | CIV. NO. 22-00540 LEK-WRP |

**ORDER DISMISSING, WITH PREJUDICE, PETITION FOR
WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241**

Before the Court is pro se Petitioner Cristina Valenzuela Rubio's ("Petitioner" or "Valenzuela Rubio") petition seeking habeas corpus relief under 28 U.S.C. § 2241, filed on December 27, 2022 ("Petition"). [Dkt. no. 1.] On March 14, 2023, Valenzuela Rubio filed a supplement to her Petition ("Supplement"). [Dkt. no. 7.] On March 30, 2023, Respondent Estela Derr, Warden of the Federal Detention Center in Honolulu, Hawai`i ("Respondent" or "Warden Derr" and "FDC Honolulu"), filed her response to the Petition ("Response"). [Dkt. no. 10.] Valenzuela Rubio filed her optional reply in support of the Petition on April 17, 2023 ("Reply"). [Dkt. no. 11.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local

Rules"). Valenzuela Rubio's Petition is dismissed with prejudice, for the reasons set forth below.

## BACKGROUND

Valenzuela Rubio was convicted, pursuant to a guilty plea, of a drug offense and sentenced to fifty-seven months of imprisonment and five years of supervised release. See generally United States v. Valenzuela Rubio, 7:20-cr-00189-DC-4 (W.D. Tex.) (docket indicating judgment filed on 2/8/21). Valenzuela Rubio is currently serving her sentence at FDC Honolulu, and her scheduled release date is July 16, 2023. See Petition at PageID.1; Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited May 8, 2023).

Valenzuela Rubio states the Federal Bureau of Prisons ("BOP") has refused to apply First Step Act ("FSA") earned time credits to her term of imprisonment because the United States Immigration and Customs Enforcement ("ICE") has placed a possible detainer against her. According to Valenzuela Rubio, she has been informed that inmates with possible ICE detainers are not eligible for the application of earned time credits. See Petition at PageID.1. Valenzuela Rubio seeks an order requiring that her earned time credits be applied to her sentence, in spite of the possible detainer. See id. at PageID.2. Valenzuela Rubio acknowledges that she did not exhaust her administrative remedies as to this request.

2

However, she argues the exhaustion requirement should be excused because: any administrative remedy request she could have made would have been futile because of the BOP policy; and, with the application of her earned time credits, she would be immediately released. See id. at PageID.1.

Warden Derr argues Valenzuela Rubio's Petition should be dismissed as moot because, since the filing of the Petition, the BOP has applied Valenzuela Rubio's earned time credits to her term of imprisonment. [Response at 4 (citing Response, Decl. of Kris Robl ("Robl Decl.") at ¶¶ 8-9).[1]] Kris Robl states that, on March 25, 2023, Valenzuela Rubio's FSA Time Credit Assessment report was generated, and it shows that Valenzuela Rubio was eligible for the application of 225 days of time credits. [Robl Decl. at ¶ 9; id., Exh. C (FSA Time Credit Assessment for Valenzuela Rubio, dated 3/25/23).[2]] Valenzuela Rubio's FSA Time Credit Assessment reflects that Valenzuela Rubio is eligible to apply federal time credits to her release

---

[1] Kris Robl is an FDC Honolulu Unit Manager and has access to inmate records that the BOP keeps in the ordinary course of business. [Robl Decl. at ¶ 2.]

[2] Paragraph 9 of the Robl Declaration refers to a "Ms. Preciado." This appears to be an inadvertent error, as the other portions of the Robl Declaration and Exhibit C, which is discussed in paragraph 9, refer to "Ms. Valenzuela-Rubio" or Cristina Valenzuela Rubio. See, e.g., Robl Decl. at ¶ 6; id., Exh. C.

3

date. [Robl Decl., Exh. C.] With the 225 days applied to her term of imprisonment, Valenzuela Rubio's scheduled release date was, at the time of the declaration, July 31, 2023. [Robl Decl. at ¶ 8.e.] Further, "[a]ssuming Petitioner continues to successfully participate in programming, her release date could move up even further into June 2023."[3] [Id. at ¶ 8.] Warden Derr also submits evidence that no detainer has been placed against Valenzuela Rubio. See Robl Decl., Exh. A (Sentence Monitoring Computation Data as of 03-28-2023 for Valenzuela Rubio).

## STANDARD

> "Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241." United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

---

[3] It appears that Rubio has continued her successful participation in programming because her scheduled release date is now July 16, 2023, two weeks earlier than her scheduled release date was when Warden Derr filed the Response. See Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited May 8, 2023).

4

Yanagihara v. Derr, Civil No. 22-00145 JAO-RT, 2023 WL 2163685, at *3 (D. Hawai`i Feb. 22, 2023).  "In particular, a petitioner may challenge computation of a prisoner's sentence by prison officials via a section 2241 petition."  Walsh v. Boncher, No. 22-cv-11197-DLC, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023) (citation and internal quotation marks omitted).

## DISCUSSION

As a threshold matter, the Court must address Warden Derr's argument that Valenzuela Rubio's Petition is moot.

> Article III of the Constitution limits the jurisdiction of the federal courts to "actual, ongoing" "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 1; Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990); see United States v. Strong, 489 F.3d 1055, 1059 (9th Cir. 2007).  "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot."  Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citation and internal quotation marks omitted). . . .  "[P]arties must continue to have a personal stake in the outcome of [a] lawsuit," Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted) . . . .

Yanagihara, 2023 WL 2163685, at *3 (some alterations in Yanagihara).  Because Valenzuela Rubio has already obtained the relief that the Petition seeks - application of FSA earned time credits to her sentence - she no longer has a personal stake in the outcome of this case.  In other words, even if Valenzuela Rubio is correct that the BOP was wrongfully refusing to apply FSA earned time credits at the time she filed the Petition, this

5

Court is unable to grant her any form of relief under § 2241 to remedy that wrong because the credits have already been applied. See Spencer, 523 U.S. at 7 ("[T]hroughout the litigation, the [petitioner] must have suffered, or be threatened with, an actual injury traceable to the defendant and **likely to be redressed by a favorable judicial decision**." (emphasis added) (citation and internal quotation marks omitted)).

This Court therefore concludes that Valenzuela Rubio's Petition is moot and must be dismissed. The dismissal is with prejudice, in other words - without leave to amend, because it is not possible for Valenzuela Rubio to amend her Petition to cure this defect. See Dejapa v. Derr, CIVIL NO. 23-00090 JAO-KJM, 2023 WL 2758890, at *1 (D. Hawai`i Apr. 3, 2023) ("The district court should not dismiss a habeas petition 'without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.'" (quoting Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971))).

Because this Court has dismissed the Petition as moot, it is not necessary to address any of the other issues raised regarding the Petition, including, but not limited to, the issue of whether Valenzuela Rubio's failure to exhaust her administrative remedies should be excused and the issue of whether FSA earned time credits should be applied to an inmate's term of imprisonment when there is a detainer against the

6

inmate.  This Court makes no findings or conclusions regarding these arguments.

### CONCLUSION

For the foregoing reasons, Valenzuela Rubio's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241, Seeking an Order Directing the Bureau of Prisons to Apply My First Step Act ('FSA') Earned Time Credits that Those with Detainers of any Sort Are Still Eligible for FSA Earned Time Credits," filed December 27, 2022, is HEREBY DISMISSED WITH PREJUDICE because the Petition is moot.  The Clerk's Office is DIRECTED to enter judgment and close the case on **May 24, 2023,** unless Valenzuela Rubio files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 9, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

CRISTINA VALENZUELA RUBIO V. WARDEN ESTELLE DERR; CV 22-00540 LEK-WRP; ORDER DISMISSING, WITH PREJUDICE, PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241

7